Lansing, S.
Jacob Harman Snyder, as administrator • of Jacob A. Snyder, deceased, presents a claim, duly verified, upon two promissory notes, made by said Peter D. Hearman, deceased, and others, to secure the payment of the sum of $600 and $900, respectively, whereby they promised to pay, one year after date with interest, said several sums to Jacob A. Snyder, or order. .Said notes are dated, respectively, the 2d and 3d of April, 1876, and each bear endorsements that interest has been paid each year in full from 1877 down until the 1st day of April, 1884. The last endorsement upon each is dated April 1, 1884, and acknowledges the receipt of interest in full of $54 and $36, respectively.
It is admitted that Jacob A. Snyder died May 28, 1878, and that each of the two several endorsements made upon each of said notes prior to his death are in his handwriting.
It was proven upon the trial that the remaining endorsements were in the handwriting of Jacob Harman Snyder, the owner and holder of said notes after the death of his father, Jacob A. Snyder. Peter D. Hearman died August, 1887. Concededly no interest has been paid upon said notes since April 1, 1884, but if made at that time, it would be within six years before the commencement of this proceeding.
The claimant, to establish his claim, called as a witness one William H. Wolf, who testified that he worked for Jacob Harman Snyder for eight months in the year 1884, commencing in ■the early spring, and that he never worked for him except in one year. That he knew Peter D. Hearman, deceased. That ■about the last of April or first of May, 1884, Peter D. Hearman came to the house of Jacob Harman Snyder and he heard a conversation between said Hearman and Snyder, as follows: Mr. Hearman said, “Mr. Snyder, I came to pay that little interest” Harrny (Jacob H.) said, “ that’s right, that’s right.” Then they went into the other room. He further testified that he saw no money paid or any endorsements made upon the notes. This witness was subjected to a severe cross-examination and it is evident that his memory as to dates is very uncertain and unreliable ; but it was established without question, that the season that Wolf worked for Jacob H. Snyder was the spring and summer of 1884; and as he worked there but one season, and as he states the conversation occurred in the spring while he was at work there, it seems reasonable to believe that the conversation which he alleges he heard occurred in the early spring of 1884. Let it be assumed then that the witness is correct ■as to the time of this conversation, and that the conversation itself occurred as stated by him; the question then arises, what is the effect of this endorsement purporting to have been made April 1, 1884, in the handwriting of Jacob H. Snyder for the amount of interest then due upon each of these notes, taken in connection with the other evidence in the case?
Two questions are presented for solution before reaching the ultimate question; one of law and one of fact. (1). As to the law:
An action upon a contract must be commenced in six years *179 after the cause of action accrued. Code of Civil Procedure, § 380. In order to take a case out of the operation of the statute of limitation, an acknowledgment in writing signed by the party to be charged is necessary, lb., § 395.
But this provision “does not alter the effect of the payment of principal or interest” (§ 395) It follows then that the provision of the Code (§ 395), changed neither the nature nor effect of payment of interest or principal, nor introduced any rule of evidence in regard to the establishment of the same, different from that existing before the adoption of the Code. Mills v. Davis et al., 113 N. Y., 246; 22 St. Rep., 580.
To make an endorsement of principal or interest upon a note admissible in evidence at all, it must be proved to have been, made before the presumption of payment attached by lapse of time. In other words the endorsement, which is only evidence-of the payment, must appear to have been made by a creditor at. a time when he had no motive to-give a false credit and, at least, before the statute of limitations had created a bar. Roseboom v. Billington, 17 Johns., 181.
But where it satisfactorily appears that an endorsement was made at a time when it would be against the interest of the party making it, it will furnish evidence, for the consideration of the; trial court, of payment according to its terms. Roseboom v. Billington, supra.
(2). This leaves for consideration the question of fact: When were the endorsements in question made ? I think the evidence tends strongly to show not only that the endorsements were made on or about the time they bear date, but also that the interest upon the notes were at that time paid, which latter fact is sufficient to prevent the bar of the statute, even if no endorsements had been made. The statute provides that payment of principal or interest alone will prevent the bar.. It does not require an endorsement to evidence it.
How what are the facts ? Peter D. Hearman comes to the-house of Jacob Harman Snyder and states that he came to pay “ that little interest.” Snyder says, “ that’s right.” They go into another room and subsequently the notes are produced bearing the endorsement of interest purporting to have been made at or about that time. It was the duty of Hearman to pay interest on said notes, for it was due at or about the 1st of April,. 1884; it does not appear that there were any other notes or obligations held by Snyder against Hearman, and when he came expressing an intention to pay interest, and Snyder expressed a willingness to receive it, and both went into another room together, it may be fairly presumed that they went there to transact there the business upon which Hearman came and which they both had in mind, namely: the one to pay and the other to receive the interest, and to have such payment evidenced by an endorsement, upon the notes, and that the same was at that time made and done. It is said that such payment may not have been made. True, but. no fact was shown warranting that conclusion ; on the contrary, every fact shown warrants the conclusion of payment I am sat *180 isfted that the facts and circumstances above stated warrant the •conclusion as matter of fact that the interest was in fact paid upon the notes at that time. And if the fact of such payment is presumptively established by the evidence without the endorsement, then the payment becomes conclusively established when it appears reasonably clear that at the same time the endorsements were also made upon the notes in the presence of the maker.
Upon the whole I am satisfied that the evidence is sufficient to warrant the conclusion not only that the endorsements were made at or about the time they bear date, but that the interest upon the notes was at that time paid.
This case is readily distinguishable from the case of Mills v. Davis, supra. In that case the court say each endorsement might have been made after the time when the statute had taken effect, and the court add “ there is no extrinsic proof of the time when the endorsement was made, nor evidence of explanatory circumstances.” It was for the lack of such extrinsic proof and evidence of explanatory circumstances (which was furnished in this case) that the plaintiff’s case was held insufficient in the case cited.
In conclusion I shall hold in this matter, for the reasons stated, that the plaintiff’s claim is established for the sum of $1,500 and interest thereon from the 1st of April, 1884.